IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL E. HARRIS,

            Petitioner,

vs.

BRIAN GAGE,

           Respondent.

8:16CV442

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner Michael E. Harris's Petition for Writ of Habeas Corpus (Filing No. 1) and "Supplemental Habeas Corpus" (Filing No. 5) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

> Claim One:    Petitioner was denied the right to a fair trial *because* the trial court prohibited the defense from calling Dr. Terry Davis as a witness to testify about the behavioral effect that drugs had on the victim but allowed the State to call the pathologist at trial to testify about the same.
>
> Claim Two:    Petitioner was denied the right to confrontation *because* the trial court allowed the State to question him at trial about Tyler Johnson's hearsay statements to police when the State did not prove Johnson was unavailable pursuant to Neb. Rev. Stat. § 27-804 or that Petitioner had a prior opportunity to cross-examine Johnson.

Claim Three: Petitioner was denied due process *because* the state postconviction court failed to "properly reach the merits" on his claim of ineffective assistance of trial counsel for failing to file a motion in limine to exclude prior bad acts evidence.

Claim Four: Petitioner was denied the right to a fair trial *because* the trial court failed to properly instruct the jury on the distinction between second degree murder and voluntary manslaughter and that intent is an element of second degree murder and voluntary manslaughter.

Claim Five: Petitioner was denied the right to effective assistance of trial counsel *because* trial counsel failed to interview Betty Woods and Lee Perry and present them as witnesses at trial to support the defense theory of self-defense.

Claim Six: Petitioner's convictions for first degree murder and use of a deadly weapon to commit a felony were not supported by sufficient evidence.

Claim Seven: Petitioner was denied due process *because* the Nebraska Supreme Court declined in his postconviction appeal to consider his claim of ineffective assistance of trial counsel for failing to request a jury instruction on sudden quarrel manslaughter.

Claim Eight: Petitioner's plea-based conviction for possession of a deadly weapon by a prohibited person was not supported by sufficient evidence *because* he did not have counsel for his prior felony conviction.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

In contrast, Claims Three and Seven are not cognizable habeas corpus claims because they are based on errors in the state postconviction proceedings. Errors during state postconviction review are not cognizable in a federal habeas corpus action. *See Jenkins v. Houston*, 2006 WL 126632 (D. Neb. 2006) (citing multiple authorities). Claims Three and Seven are dismissed.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (Filing No. 1) and supplemental petition (Filing No. 5), the court preliminarily determines that Claims One, Two, Four, Five, Six, and Eight, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court. Claims Three and Seven are not cognizable and they are dismissed.

2. The clerk of the court is directed to mail copies of this Memorandum and Order and the habeas corpus petition to Respondent and the Nebraska Attorney General by regular first-class mail.

3. By **March 26, 2017**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of

the court is directed to set a pro se case management deadline in this case using the following text: **March 26, 2017**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may

4

        not submit other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **March 26, 2017**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.,* Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all

matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.,* Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.  Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.  No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 25, 2017**: check for Respondent's answer and separate brief.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 10th day of February, 2017.

                        BY THE COURT:

                        s/ *Richard G. Kopf*
                        Senior United States District Judge