IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL E. HARRIS, | |
| Petitioner, | **8:16CV442** |
| vs. | |
| BRIAN GAGE, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the court on Petitioner's "Motion for Leave to Amend" his habeas petition (Filing No. 16) and "Motion for Appointment of Counsel" (Filing No. 15).

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires" and "to promote justice." *Plymouth County, Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014). There is no absolute right to amend. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). These rules apply equally to a motion to amend petition for writ of habeas corpus. *Moore–El v. Luebbers*, 446 F.3d 890, 901-02 (8th Cir. 2006). Upon careful consideration, the court will grant Petitioner leave to file an amended habeas petition. Petitioner is warned that he must identify in the amended petition the factual allegations underlying his alleged "newly discovered evidence" claim(s). His vague, conclusory allegations thus far are insufficient.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  As a general rule, counsel will not be appointed unless the case is unusually complex or the

petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).  *See also Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1.    Petitioner's "Motion for Leave to Amend" (Filing No. 16) is granted. Petitioner shall file an amended petition for writ of habeas corpus **that clearly presents all of his claims for relief** by **May 9, 2017**. Petitioner is warned that the amended petition will supersede, not supplement, his initial habeas petition. Failure to file an amended petition within the time set by the court will result in dismissal of this matter without further notice to Petitioner. **Following the filing of the amended petition, the court will enter a new order progressing this matter to disposition.**

2.    Petitioner's "Motion for Appointment of Counsel" (Filing No. 15) is denied without prejudice to reassertion.

3.    The clerk's office is directed to set the following case management deadline: **May 9, 2017**: check for Amended Petition.

Dated this 10th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge